UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
WILLIAM HENNESSY, *by and through his
Guardian, Josephine Hennessy*,

                      Plaintiff,

    -against-

HOMECOMING WILLIAMSBURG, INC. and 92
BERRY STREET, LLC,

                      Defendants.
------------------------------------------------------------------- x

REPORT &
RECOMMENDATION

21-CV-6352 (CBA)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff William Hennessy ("Plaintiff" or "Hennessy"), through his guardian Josephine Hennessy ("Ms. Hennessy"), commenced this action against Defendants Homecoming Williamsburg, Inc. and 92 Berry Street, LLC for alleged failures to comply with federal and state law related to public accommodations, including Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296; the New York State Civil Rights Law ("NYSCRL"), N.Y. Civ. Rts. L. § 40, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8-107.  (*See generally* Compl., ECF No. 1.)[1]  Before the Court are Plaintiff's motions for settlement and for approval of infant compromise, pursuant to Local Civil Rule 83.2(a).  (ECF Nos. 13, 15.)  The Honorable Carol Bagley Amon referred the motions for report and recommendation.  For the reasons stated below, the Court respectfully recommends that the

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination ("___ of ___") in the ECF header unless otherwise noted.

1

motions should be **granted**. The Court further respectfully recommends entry of an amended proposed compromise order, attached as Exhibit 1.

I.   **BACKGROUND**[2]

As alleged in the Complaint, Plaintiff, a resident of Brooklyn, is 36 years old and was born with cerebral palsy with spastic quadriplegia. (Compl., ECF No. 1 ¶¶ 5–6; Hennessy Aff., ECF No. 11 ¶ 2.) Due to his medical conditions, Plaintiff's mobility is limited and he uses a wheelchair. (Compl., ECF No. 1 ¶ 6; Hennessy Aff., ECF No. 11 ¶ 3.) Ms. Hennessy is Plaintiff's legal guardian pursuant to Article 17-A of the New York Surrogate's Court Procedure Act ("SCPA") and is authorized to make all medical and financial decisions on Plaintiff's behalf. (Levy Aff., ECF No. 9 ¶ 7.)

In or about 2021, Plaintiff and Ms. Hennessy attempted to enter and patronize a restaurant owned and operated by Defendants in Brooklyn. (Compl., ECF No. 1 ¶ 16; Hennessy Aff., ECF No. 11 ¶ 3.) Plaintiff alleges that he encountered "numerous architectural barriers" at the premises, including an inaccessible entrance, dining tables, service counter, exterior seating bench, and self-service counter. (Compl., ECF No. 1 ¶¶ 12, 21.) According to Plaintiff, because Defendants failed to comply with relevant building standards, he could not access Defendants' place of public accommodation. (*Id.* ¶ 19.)

---

[2] The Court relies on the Complaint (ECF No. 1) and Plaintiff's submissions: Plaintiff's Response To Order To Show Cause (ECF No. 7), the July 1, 2022 Affidavit by Gabriel A. Levy (ECF No. 9) ("Levy Aff."), the Affidavit by Josephine Hennessy (ECF No. 11) ("Hennessy Aff."), the August 9, 2022 Affidavit by Gabriel A. Levy (ECF No. 12) ("Supp. Levy Aff."), the proposed Settlement Agreement and Release (ECF No. 13), the Letter from Michael O'Dell (ECF No. 14), the Motion For Infant Compromise, which includes a proposed compromise order (ECF No. 15), and a letter dated September 30, 2022 from Gabriel A. Levy (ECF No. 17) ("Levy Ltr.").

On November 16, 2021, Plaintiff initiated this lawsuit alleging disparate treatment and disparate impact based on his disability and seeking injunctive and monetary relief. (*See generally id.*) The docket does not reflect any attempt by Plaintiff to serve the Complaint on Defendants. Nonetheless, on February 25, 2022, Plaintiff filed a notice of voluntary dismissal indicating his intent to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i). (ECF No. 6.) Judge Amon referred the notice for review as to whether the requirements under Local Civil Rule 83.2(a)(1)), governing actions "by or on behalf of an infant or incompetent," are satisfied. (Feb. 25, 2022 Order.)

This Court ordered Plaintiff to explain why an infant compromise order is not required for this settlement and to submit attorney billing records and receipts for costs. (May 25, 2022 Order to Show Cause.) Plaintiff submitted the requested records, but did not address whether an infant compromise order is required. (ECF No. 7.) Plaintiff also submitted a second notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). (ECF No. 8.)

In response to additional Court orders, Plaintiff submitted supplemental affidavits, the proposed settlement agreement, and briefing related to attorneys' fees. Pursuant to the parties' agreement, Defendants are required to remediate the restaurant's premises and to pay Plaintiff's costs and legal fees associated with this action. (Supp. Levy Aff., ECF No. 12 ¶ 4.).

This Court held a fairness hearing on August 18, 2022 with Plaintiff, his counsel, and Ms. Hennessy. (Tr., ECF No. 16.) Defendants did not appear or otherwise respond to the Court's scheduling order, and have not appeared to date. (Tr., ECF No. 16 at 3:9–10, 7:7–11.)

Plaintiff filed the instant motions on August 29, 2022. (*See generally* ECF Nos. 13, 15.) Judge Amon referred the motions for a report and recommendation. (Sept. 12, 2022

3

Order.) As ordered, Plaintiff filed additional supplemental materials and briefing regarding the reasonableness of the requested attorney's fees. (Levy Ltr., ECF No. 17.)

## II.   LEGAL STANDARD

"An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the court embodied in an order, judgment or decree." Local Civ. R. 83.2(a)(1). Courts "shall authorize payment to counsel for the infant or incompetent of a reasonable attorney's fee . . . after due inquiry[.]" Local Civ. R. 83.2(a)(2). Courts apply the same standard to review settlements on behalf of incompetents and settlements of minors' claims. *See Camac v. Long Beach City Sch. Dist.*, No. 09-CV-5309 (MKB)(GRB), 2012 WL 3277228, at *4 & n.4 (E.D.N.Y. July 25, 2012) ("*Camac I*"), *adopted by* 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013) ("*Camac II*").

The Court has broad discretion to approve or disapprove the compromise of an incompetent's claims. *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 89 (2d Cir. 2010). "In exercising its discretion, the district court's focus is to 'determin[e] whether a proposed settlement is fair, reasonable, and adequate,' by comparing 'the terms of the compromise with the likely rewards of litigation.'" *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (quoting *Maywalt v. Parker & Parsley Petrol. Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995)). "The court must 'form an educated estimate of the complexity, expense, and likely duration of such litigation.'" *Z.H.W. v. United States*, No. 12-CV-3912 (RJD)(ST), 2020 WL 813637, at *2 (E.D.N.Y. Feb. 19, 2020) (quoting *Martegani v. Cirrus Design Corp.*, 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010)). "In determining an infant compromise motion, the court considers the litigation risks, but does not 'decide the merits of the case or resolve unsettled legal questions.'" *Rodney v. City of New*

4

*York*, No. 13-CV-6179 (RRM)(VMS), 2015 WL 1014165, at *2 (E.D.N.Y. Mar. 6, 2015) (quoting *Vitucci v. Winthrop Univ. Hosp.*, No. 12-CV-4328 (DRH)(GRB), 2014 WL 4659274, at *4 (E.D.N.Y. Sept. 17, 2014)).

"'A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently.'" *Black v. Dain*, No. 16-CV-01238 (CBA)(ST), 2021 WL 1146559, at *1 (E.D.N.Y. Mar. 9, 2021), *adopted by* 2021 WL 1146041 (E.D.N.Y. Mar. 25, 2021) (quoting *Camac I*, 2012 WL 3277228, at *4). "In addition, courts in this district and in New York[] state afford 'a certain amount' of deference to the guardian's opinion that the settlement is fair." *Camac II*, 2013 WL 991355, at *2 (collecting cases).

A court "proceeding upon an application to settle or compromise . . . an action shall conform, as nearly as may be, to the New York State statutes and rules." Local Civ. R. 83.2(a)(1). Pursuant to New York State law, a party's guardian and attorney must "make representations to the Court concerning, *inter alia*, the terms of the settlement, the circumstances giving rise to the action or claim, the extent of the damages sustained by the infant as documented in medical or hospital records, and reasons for recommending the settlement." *Camac I*, 2012 WL 3277228, at *5 (citing N.Y. C.P.L.R. § 1208); *see also Poventud v. Devereux Found.*, 102 N.Y.S.3d 860, 862 (N.Y. Sup. Ct. 2019) (applying N.Y. C.P.L.R. §§ 1206–1208 to settlement involving plaintiff with Article 17-A guardian).

Notwithstanding these requirements, "Rule 83.2 is hardly a rigid obligation imposed on district courts." *Neilson*, 199 F.3d at 654. "[T]he court, for cause shown, may dispense with any New York State requirement." Local Civ. R. 83.2(a)(1); *see also Black*, 2021 WL

5

1146559, at *2 (forgoing infant compromise hearing; necessary information was available from documents and affidavits submitted in support of motion for settlement approval).

### III.  DISCUSSION

#### A.  Local Civil Rule 83.2(a)(1) Applies to the Proposed Settlement

As a threshold issue, the Court must address whether Local Civil Rule 83.2(a)(1) applies where a party has an Article 17-A guardianship.  Plaintiff's counsel contends that Local Civil Rule 83.2(a)(1) does not apply because Plaintiff "is not an infant and has never been a person declared to be incompetent."  (Supp. Levy Aff., ECF No. 12 ¶ 2.)

The Court disagrees.  Article 17-A of the SCPA governs guardianship proceedings in New York State Surrogate's Court for individuals with intellectual and developmental disabilities.  N.Y. Surr. Ct. Proc. Act. §§ 1750–1761.  Indeed, "[t]he statute was enacted in 1969 to permit the appointment of parents and other interested persons as guardians for individuals **unable to care for themselves**." *Disability Rts. New York v. New York*, 916 F.3d 129, 130 (2d Cir. 2019) (emphasis added).  Accordingly, "a petitioner must present proof that two physicians (or a physician and a psychologist) have certified that (1) the individual has an intellectual or developmental disability that makes managing her own life impractical, (2) the situation is 'permanent' or 'likely to continue indefinitely,' and (3) guardianship is in the individual's best interests."  *Id.* at 131–32 (citing N.Y. Surr. Ct. Proc. Act. §§ 1750 & 1750–a).  Once obtained, "Article 17[-A] guardianships . . . allocate broad decision-making authority to the petitioner over the individual with alleged disabilities."  *Disability Rts.*, 916 F.3d at 131.

Plaintiff's counsel does not and cannot dispute that Ms. Hennessy was appointed as Plaintiff's guardian because the New York State Surrogate's Court found that Plaintiff is

6

"incapable of managing himself . . . and/or his . . . affairs" due to his cerebral palsy. *See* N.Y. Surr. Ct. Proc. Act § 1750-a(1)(a) (including cerebral palsy as a "permanent" condition that is "likely to continue indefinitely" and justifies a guardian). Counsel otherwise does not show good cause as to why Local Civil Rule 83.2 should not apply. Therefore, the Court declines to dispense with any New York State requirements in this action. *See, e.g.*, *Poventud*, 102 N.Y.S.3d at 862 (denying proposed settlement involving Article 17-A guardian for failure to comply with N.Y. C.P.L.R. §§ 1206–1208).

**B.     The Proposed Settlement is Fair and Reasonable**

Under the terms of the proposed settlement agreement, Defendants agree to several remediation measures[3] and to pay Plaintiff $5,800 for litigation costs and attorneys' fees. (Proposed Order, ECF No. 15 at 2.)[4] In addition to a proposed compromise order, Plaintiff submits affidavits from Ms. Hennessy and counsel and a letter from Plaintiff's treating physician regarding his medical condition, all of which comply with the requirements of N.Y. C.P.L.R. § 1208. (ECF Nos. 11, 12, 14, 15.)

   ***1.     Plaintiff's Guardian and Counsel Agree that the Settlement is Fair and Reasonable***

Plaintiff's guardian and counsel agree that the proposed settlement is in Plaintiff's best interests, which supports a finding of reasonableness. *See Black*, 2021 WL 1146559, at *2 ("Proposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and should therefore be afforded

---

[3] While Defendants agree to repair the restaurant "within a period of twelve months" (Proposed Order, ECF No. 15 at 1), it is unclear when this remediation period begins.

[4] The Court has made several changes to the Proposed Order, including amending the signature block and correcting typos.

some level of deference.") In her sworn affidavit, Ms. Hennessy explains that the proposed remediations will reasonably accommodate Plaintiff's disability and will permit her and Plaintiff to patronize the restaurant "free of discrimination, as any abled member of the general public may." (Hennessy Aff., ECF No. 11 ¶ 5.) She also avers that "the settlement compensates for expenses incurred in connection with bringing suit and counsel for legal services rendered." (*Id.*) As a result, she approves of the terms and conditions of settlement. (*Id.*)

Plaintiff's counsel also considers the settlement fair and reasonable for substantially the same reasons as Ms. Hennessy. (Supp. Levy Aff., ECF No. 12 ¶ 4.) Counsel states that the settlement addresses multiple issues that Plaintiff encountered, including an inaccessible main entrance, dining tables that did not permit sufficient wheelchair clearance, and service counters too high for Plaintiff and other disabled patrons to access. (*Id.* ¶ 5.) Counsel further explains that the "reasonable and cost-effective" remediation measures include a portable ramp with new signage and a buzzer, ADA-compliant dining areas, and training staff to service persons with disabilities. (*Id.* ¶ 6.) Counsel further declared that he "do[es] not believe that Plaintiff will gain any greater relief by persisting with litigation." (*Id.* ¶ 4.) Given these facts, counsel believes the settlement is fair and reasonable.

        **2.**    ***The Totality of the Circumstances Supports a Finding of Fairness and Reasonableness***

The Courts finds that additional factors support a finding of fairness and reasonableness. First, "the settlement is not collusive but was reached after arm's length negotiation" between counsel "experienced in similar cases[.]" *Black*, 2021 WL 1146559, at *1. While Defendants did not appear in this case, Plaintiff's counsel reports that their attorney

8

initiated settlement discussions shortly after the Complaint was filed. (ECF No. 7 at 1.) Further, Plaintiff's counsel has some experience in litigating and negotiating in these ADA actions.[5] The Court notes that formal discovery was not ordered or completed in this case because of the early settlement. However, this likely did not hinder the negotiations, which led to the precise remediation measures Plaintiff needs to access Defendants' restaurant as he pleases. *See Rodney*, 2015 WL 1014165, at *4 (approving settlement where discovery was not concluded because settlement allowed the infant plaintiff to recover for her claims). The record shows that the proposed settlement is fair and reasonable, and serves the best interest of Plaintiff.

The Court also finds that Plaintiff faced significant litigation risk if the parties did not reach agreement. Plaintiff's condition "would have created substantial obstacles for [him] at trial, including the risk that [he] would be unable to testify, or to do so with the necessary lucidity, or to cope with cross-examination." *Neilson*, 199 F.3d at 654. For example, Ms. Hennessy confirmed that Plaintiff can understand but is unable to speak. (Tr., ECF No. 16 at 2:22–3:2.) Further, "[a]ssuming [Plaintiff] could prevail at trial, any recovery that [he] would receive would necessarily be delayed at least until a trial could be completed." *Neilson*, 199 F.3d at 654. In contrast, with settlement, Plaintiff quickly and efficiently accomplishes his goal of access to the restaurant.

Importantly, the terms of the proposed settlement compare favorably to the likely rewards of litigation. Title III of the ADA "authorizes private actions only for injunctive relief,

---

[5] As of March 2023, counsel has filed over 70 similar cases on Plaintiff's through Ms. Hennessy and asserting the same claims.

9

not monetary damages." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012). Moreover, if Plaintiff had pursued monetary damages for his state and city law claims, the potential awards would not have been substantial. "The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where," as here, "complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." *Hennessy v. 194 Bedford Ave Rest. Corp.*, No. 21-CV-5434 (FB)(RML), 2022 WL 4134502, at *5 (E.D.N.Y. Aug. 8, 2022), *adopted by* 2022 WL 4134437 (E.D.N.Y. Sept. 12, 2022). Similarly, violations of the NYSCRL incur statutory damages of $100 to $500 each, but that relief is unavailable to Plaintiff because he did not serve notice on the New York State attorney general before commencing the case. (*Id.*) Any punitive damages would require Plaintiff to prove that Defendants acted maliciously, which the record does not reflect. *See Florez v. Mister Cangrejo NY Corp.*, No. 20-CV-4745 (AMD)(CLP), 2022 WL 837490, at *4 n.4 (E.D.N.Y. Mar. 1, 2022), *adopted by* 2022 WL 837056 (E.D.N.Y. Mar. 21, 2022).[6]

In sum, the parties' structured settlement is comparable to the relief that plaintiff could have been rewarded if plaintiff were to succeed on all claims. *See, e.g.*, *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *8 (under similar facts, entering default judgment and awarding injunctive relief, $1,000 in compensatory damages, and attorney's fees and costs); *Grinblat v.*

---

[6] Additionally, if Defendants had filed dispositive motions at the pleadings stage, there is risk that the case would be dismissed for lack of standing. *See Hennessy v. Poetica Coffee Inc.*, No. 21-CV-5063 (KAM)(RML), 2022 WL 4095557 (E.D.N.Y. Sept. 7, 2022). Nonetheless, when evaluating a compromise pursuant to Local Civil Rule 83.2, "[t]he Court's fairness inquiry is limited: it need not decide the merits of the case or resolve unsettled legal questions." *C.M. ex rel. P.M. v. Syosset Cent. Sch. Dist.*, No. CV 11-1402 (MKB) (GRB), 2013 WL 5799908, at *6 (E.D.N.Y. Oct. 25, 2013), *adopted sub nom. by C.M. v. Syosset Cent. Sch. Dist.*, No. 11-CV-1402 (MKB), 2013 WL 6157188 (E.D.N.Y. Nov. 22, 2013).

*H & 6 Assoc. Inc.*, No. 19-CV-2034 (LDH)(SMG), 2020 WL 13506214, at *6 (E.D.N.Y. Jan. 28, 2020), *adopted by* Order Adopting Rep. & Recs., *Grinblat v. H & 6 Assoc. Inc.*, No. 19-CV-2034 (LDH)(SMG) (E.D.N.Y. Mar. 31, 2020) (docket order) (under similar facts, entering default judgment and awarding injunction, $500 in statutory damages, and $1,000 in compensatory damages). Thus, the parties' proposed terms adequately compensate Plaintiff for Defendants' alleged failures to provide public accommodations.

### C. The Requested Attorney's Fees are Reasonable

"Both the ADA and [the NYCHRL] allow a prevailing party to recover reasonable attorney's fees, including litigation costs and expenses." *Florez*, 2022 WL 837490, at *6 (cleaned up). "The starting point for determining the presumptively reasonable fee award is the lodestar amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by the case." *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *6 (cleaned up). "To determine a reasonable hourly rate, courts consider market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (cleaned up). Even where a guardian "has agreed to the amount of fees requested, 'any agreement of the guardian is advisory only,' [] and 'in the last analysis[,] the amount of the fee must be fixed by the court.'" *D.H.S. by Serrano v. United States*, No. 18-CV-983 (PKC)(CLP), 2020 WL 13552067, at *4 (E.D.N.Y. May 15, 2020) (quoting *Werner v. Levine*, 52 Misc. 2d 654, 655 (N.Y. Sup. Ct. 1967)). "A fee applicant bears the burden of demonstrating that the requested hourly rate is reasonable and similar to the rates charged by attorneys of like skill and experience." *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *6 (cleaned up).

11

### *1.     Hourly Rate*

Plaintiff seeks $5,213.75 in attorney's fees for attorney Gabriel Levy's work. (Proposed Order, ECF No. 15 at 2.) Counsel asserts that his hourly rate of $450 is reasonable given his experience and expertise and the rates awarded in this district. (Levy Ltr., ECF No. 17 at 1 (citing cases).)

The Court finds that the proposed hourly rate is unreasonable given counsel's experience. According to counsel, he graduated from law school in 2016 and has practiced solo for the past six years in real estate, New York City Construction and Build Code, and ADA litigation matters. (*Id.* at 1.) Counsel states that courts have awarded "between $300–$450 per hour . . . for experienced attorneys in the context of ADA litigation." (*Id.*) However, [c]ounsel also does not provide examples of cases awarding the same rate to attorneys with **comparable** experience." *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *6 (emphasis added). In contrast, courts' awards at the high end of the range are reserved for attorneys with decades of experience. *See, e.g.*, *Mary Jo C. v. Dinapoli*, No. 09-CV-5635 (SJF)(ARL), 2014 WL 7334863, at *6–7 (E.D.N.Y. Dec. 18, 2014) (awarding $350 to practitioner with 30 years' experience); *cf. 194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *6 ("[T]he $450 per hour rate is higher than what is typically awarded in this court for 'non-complex' ADA cases.").

Considering counsel's favorable result for his client, the Court finds that a rate of $300 is fair and reasonable consistent with routine ADA cases involving the same Plaintiff, the same counsel, and similar allegations of disability discrimination. *See, e.g.*, *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, at *7 (in default motion posture, deeming a rate of $275 per hour reasonable where counsel did not include his typical hourly rate charged to clients in other ADA cases).

### 2. *Hours Expended*

Counsel's billing records reflect that as of September 30, 2022, he spent approximately 23.4 hours on this matter. (Levy Ltr., ECF No. 17 at 3-4.) The time entries illustrate that Plaintiff's counsel rendered a variety of legal services relating to settlement for Plaintiff, including communicating with Plaintiff and Ms. Hennessy; coordinating a pre-suit expert inspection and review of expert report; drafting pleadings; communicating with Defendants and the Court; drafting a settlement agreement; and drafting filings related to the motions for settlement approval. (*Id.*) While some of the entries suggest more time than necessary to complete the given task[7], overall the number of hours expended are reasonable.

### 3. *Lodestar Crosscheck*

Using an amended $300 hourly rate, and 23.4 hours reasonably expended, the lodestar amount is $7,020. Counsel requests $5,213.75 in attorney's fees, or approximately .74 times the lodestar amount. (Proposed Order, ECF No. 15 at 2.) Counsel will recover less than the overall attorney's fees. Therefore, the Court respectfully recommends an award of $5,213.75 in attorneys' fees.

### D.   Costs

Counsel also seeks $586.25 in costs, including $402 in court filing fees and $184.25 for process server fees. (Levy Ltr., ECF No. 17 at 4.) Plaintiff provides receipts for the process server fees. (ECF No. 7 at 5–6.) While Plaintiff does not provide receipts for the filing fees, "[f]iling fees are recoverable 'without supporting documentation if verified by the docket.'" *194 Bedford Ave Rest. Corp.*, 2022 WL 4134502, *6 (quoting *Feltzin v. Union Mall LLC*, 393

---

[7] For example, counsel spent .5 hours drafting a one-page letter requesting an adjournment of the fairness hearing. (Levy Ltr., ECF No. 17 at 4 (8/5/22 entry).)

13

F. Supp. 3d 204, 219 (E.D.N.Y. 2019)). The docket reflects the filing fee of $402. (*See* Nov. 16, 2021 Docket Entry.) Accordingly, the Court respectfully recommends an award of $586.25 in costs.

### IV. CONCLUSION

Based on the foregoing, the Court finds that the proposed settlement is fair and reasonable. Accordingly, the Court respectfully recommends that the motion for settlement at ECF No. 13 and the motion for approval of infant compromise at ECF No. 15 should be **granted**. The Court further respectfully recommends entry of an amended proposed compromise order, attached hereto as Exhibit 1.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. Plaintiff shall serve a copy of this Report and Recommendation to Defendants and shall file proof of service by **March 3, 2023**.

Within 14 days of service, a party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Amon. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 2, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge