Clerk's Office
Filed Date: 3/17/2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIAM HENNESSY, by and through his
Guardian, Josephine Hennessy,

                Plaintiff,

-against-

HOMECOMING WILLIAMSBURG, INC. and
92 BERRY STREET, LLC,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
21-cv-6352 (CBA) (MMH)

**AMON, United States District Judge:**

On November 16, 2021, William Hennessy ("Plaintiff"), by and through his guardian Josephine Hennessy ("Ms. Hennessy"), commenced this action against Homecoming Williamsburg, Inc. and 92 Berry Street, LLC ("Defendants"). (ECF Docket Entry ("D.E.") # 1 ("Compl.").) Plaintiff, a resident of Brooklyn, is thirty-six years old and was born with cerebral palsy with spastic quadriplegia. (Id. ¶¶ 5-6.) Due to his medical conditions, Plaintiff's mobility is limited, and he uses a wheelchair. (Id. ¶ 6.) Ms. Hennessy is Plaintiff's legal guardian pursuant to Article 17-A of the New York Surrogate's Court Procedure Act. (D.E. # 9 ¶ 5.) Plaintiff alleges that Defendants, who operate a restaurant in Brooklyn, failed to comply with federal, state, and city public accommodations law. (Compl. ¶¶ 1-2; ¶¶ 30-45 (Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.); ¶¶ 46-55 (New York State Human Rights Law, N.Y. Exec. Law § 296); ¶¶ 56-69 (New York City Human Rights Law, N.Y.C. Admin. Code § 8-107), ¶¶ 70-72 (New York State Civil Rights Law, N.Y. Civ. Rights Law § 40).)

Pursuant to a settlement agreement reached with Defendants (the "Settlement Agreement"), Plaintiff filed a notice of voluntary dismissal on February 25, 2022. (D.E. # 6.) The Settlement Agreement requires Defendants to: (1) maintain a portable ramp with conspicuous signage at the main entrance, (2) maintain at least one ADA compliant dining table in both the

1

interior and exterior dining areas, (3) train staff to assist disabled patrons, and (4) pay Plaintiff attorneys' fees and costs. (D.E. # 15 at 1-2.) I referred the notice of dismissal to the Honorable Marcia M. Henry, United States Magistrate Judge, for a determination of whether the parties satisfied the requirements under Local Civil Rule 83.2(a). (Text Entry dated Feb. 25, 2022.) Rule 83.2 provides:

> An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.

(Local Civil Rule 83.2(a)(1).) Following additional Court orders, Plaintiff submitted attorney billing records, supplemental affidavits, the proposed settlement agreement, and briefing related to attorneys' fees. (See D.E. ## 7, 9, 11-12.) Magistrate Judge Henry held a fairness hearing on August 18, 2022. (Minute Entry dated Aug. 18, 2022.) Defendants did not appear or otherwise respond to the order scheduling the hearing. (D.E. # 16 (Hr'g Tr.) 3:9-10, 7:7-11.)

On August 29, 2022, Plaintiff filed motions for settlement and for approval of infant compromise pursuant to Local Civil Rule 83.2(a). (D.E. ## 13, 15.) I referred the motions to Magistrate Judge Henry for report and recommendation. (Text Entry dated Sept. 12, 2022.) Magistrate Judge Henry requested additional documentation, which Plaintiff provided. (See D.E. # 17.) On March 2, 2023, Magistrate Judge Henry issued a report and recommendation, recommending that the parties' Settlement Agreement be approved. (D.E. # 18 (the "R&R") 2.) As a threshold matter, Magistrate Judge Henry concluded that Local Civil Rule 83.2(a)(1) applies where, as here, a party has an Article 17-A guardianship. (R&R 6.) Magistrate Judge Henry further concluded that the parties' Settlement Agreement is fair and reasonable, noting that Plaintiff's guardian and counsel agree that the proposed settlement is in Plaintiff's best interests

2

because the proposed remediations will reasonably accommodate Plaintiff's disability and will permit Plaintiff and Ms. Hennessy to patronize Defendants' restaurant. (Id. at 7-8.) In addition, the R&R emphasizes that the settlement was reached after arm's length negotiation, Plaintiff's counsel is experienced in litigating ADA cases,[1] and the terms of the settlement compare favorably to the likely rewards of further litigation. (Id. at 8-11.) Finally, Magistrate Judge Henry determined that the requested attorneys' fees and costs—$5,213.75 and $586.25, respectively—were reasonable.[2] (Id. at 13-14.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full. Accordingly, Plaintiff's Motion for Settlement (D.E. # 13) and Motion for Approval of Infant Compromise (D.E. # 15) are GRANTED. Plaintiff's counsel is awarded $5,213.75 in attorneys' fees and $586.25 in costs.

SO ORDERED.

Dated: March 17, 2023
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

---

[1] Plaintiff's counsel has filed numerous nearly identical lawsuits in this District. (See R&R 9 n.5 ("As of March 2023, counsel has filed over 70 similar cases . . . through Ms. Hennessy and asserting the same claims.").)

[2] Magistrate Judge Henry found that Plaintiff's counsel's proposed hourly rate of $450 was unreasonable given counsel's relatively limited post-law school experience. (R&R 12.) Upon using an amended $300 hourly rate and considering the lodestar crosscheck, however, Magistrate Judge Henry ultimately determined that counsel's requested fees were reasonable. (Id. at 12-13.)